

FILED by _EG_ D.C.

ELECTRONIC

Apr 17 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.  06-80126-CIV-RYSKAMP\VITUNAC

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOHN R. SHREWDER; THE FRANKLIN
GROUP, INC.; and ASHLEY MIRON LESHEM,

Defendants,

**and**

ANANDA CAPITAL PARTNERS, INC.

Relief Defendant.

_____/

## MEMORANDUM OF SECURITIES AND EXCHANGE COMMISSION IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT LESHEM AND RELIEF DEFENDANT ANANDA

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") submits this Memorandum in response to the Motion to Dismiss ("Leshem Mem.") of Defendant Ashley Miron Leshem ("Leshem") and Relief Defendant Ananda Capital Partners, Inc. ("Ananda").

Leshem's motion is nothing more than a collateral attack on the Commission's 1999 Cease and Desist Order ("Order") – to which Leshem consented – filed with the Commission's finding that Leshem willfully violated multiple anti-fraud provisions of the federal securities laws.  As part of a settlement in that action, Leshem consented to a bar from participation in penny stock offerings.  Seven years later, after the Commission staff

caught him violating the terms of the Order, Leshem now attempts to escape liability by claiming the Order is unenforceable.

Leshem's motion should be denied because (a) the cease and desist order is clear and binding on Leshem; (b) Leshem should be barred from challenging the enforceability of an order to which he consented; and (c) the Complaint states a claim under Exchange Act § 15(b).  Finally, the motion should be denied as to Relief Defendant Ananda Capital Partners, Inc. because it raises no legal argument in support of its motion other than Leshem's fatally flawed challenge to the Cease and Desist Order.[1]

### The Cease And Desist Order To Which Leshem Consented Is Clear And Binding

Leshem's sole argument is that the Complaint against him should be dismissed because the penny stock bar to which he consented is vague and unenforceable.  This argument is completely without merit, as Congress amended the Exchange Act to include the statutory provision containing the penny stock bar – which specifically defines the categories of conduct it prohibits – for the very type of conduct alleged in the Complaint.  In addition, the Order does not simply "enjoin someone from merely violating a statute" as Leshem argues, Leshem Mem. at 11., thus the cases upon which Leshem relies are not relevant and are otherwise not authoritative as to the issues before the Court.

---

[1]     Leshem's Summary of Argument [Leshem Mem. at 2-5] mischaracterizes the allegations in the Complaint, leaves out numerous allegations against him, and otherwise requires no response.  Contrary to Leshem's argument, however, the Complaint does allege a substantive violation of the federal securities laws by Leshem – Exchange Act § 15(b)(6)(B)(i).  See infra at 7-9.  It is also puzzling why Leshem notes several securities law violations with which the Commission might have charged him.  Regardless, the Commission's exercise of prosecutorial discretion regarding its charging decisions is an inappropriate issue to raise in this forum.  See, e.g., Board of Trade v. SEC, 883 F.2d 525, 531 (7th Cir. 1989).  Indeed, it is Leshem's cavalier attitude about the seriousness of a Commission Order that is troubling.  See e.g., Leshem Mem. at 2 ("Leshem is *only* charged with violating a vague cease and desist order…..") (emphasis added).

2

The Cease and Desist Order provides, in relevant part, that Leshem "is barred from participation in penny stock offerings."  Leshem Ex. 1 at § III.2.  It is this simple language that Leshem claims "is so vague as to not give Defendant Leshem fair notice of what he can and cannot do."  Leshem Mem. at 7.  However, the statutory provision cited both in the Consent Order and Leshem's Offer of Settlement to the Commission specifically defines participation in a penny stock offering.[2]

The Commission's authority to issue a penny stock bar is contained in Exchange Act § 15(b)(6).  See 15 U.S.C. § 78o(b)(6)(A); see also 15 U.S.C. § 78u-3(a) (authorizing Commission to issue cease and desist order from, among other things, committing or causing future violations of a provision, rule or regulation).  Section 15(b)(6) specifically defines a "person participating in an offering of penny stock" to include:

> Any person acting as any promoter, finder, consultant, agent, or other person who engages in activities with a broker, dealer, or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

15 U.S.C. § 78o(b)(6)(C).  Congress added this language to the Exchange Act as part of the Penny Stock Reform Act, Pub. L. No. 101-429, 104 Stat. 931 (1990) ("Remedies Act").  In passing the Remedies Act, Congress recognized the Commission's need for "broader proscriptive authority to address patterns of reentry and recidivism in penny stock distributions."  See H.R. Rep. No. 101-617, at 28-29, reprinted in 1990 U.S.C.C.A.N. 1408, 1430-31.  The statute's purpose was to "provide the Commission

---

[2]        As Leshem's Memorandum points out, the Court may consider evidence outside the pleadings on a motion to dismiss under certain circumstances.  See, e.g., Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999).  The Commission agrees that it is appropriate for the Court to consider the Cease and Desist Order in resolving the instant motion to dismiss, but in light of the claims made by Leshem it is equally appropriate to consider Leshem's settlement offer that led to the consent order at issue.  Leshem's consent to the Order is referenced in the Complaint at ¶ 10.  A true and correct copy of the officially filed Cease and Desist Order from the SEC's original file is attached as Exhibit 1.  A true and correct copy of Leshem's December 8, 1999 Offer of Settlement ("Offer") is attached as Exhibit 2.

3

with the necessary flexibility to prevent the participation of barred persons in the penny stock distribution process by means of affiliations with . . . penny stock issuers."). Id. Accordingly, this clear and comprehensive prohibition, which Congress specifically authorized for situations just like this one, is in no way analogous to the cases cited by Leshem in his Memorandum at 8-11.[3]

It is surprising that Leshem would rely on Koch v. SEC, 177 F.3d 784 (9th Cir. 1999), although it is unclear for what purpose. See Leshem Mem. at 11. This case recognized the Commission's power to issue a penny stock bar but simply refused to apply it retroactively to conduct that pre-dated passage of the Remedies Act. The Commission here does not seek to apply the Remedies Act retroactively, and there appears to be no dispute that it was already enacted at the time Leshem consented to the Cease and Desist Order. See Pub. L. No. 101-429, 104 Stat. 931 (1990). More to the point, the court in Koch recognized that the SEC may bring an action against someone solely for their violation of a prior penny stock bar as a means "to protect the public from individuals who have shown themselves unfit to participate in the penny stock market because of earlier misconduct." 177 F.3d at 787; see also H.R. Rep. No. 101-617, at 7 (1990), reprinted in 1990 U.S.C.C.A.N. 1408, 1408-09. In fact, in passing the statute, the House Committee specifically "sought to expand the barring authority to include a broad range of persons involved with the distribution of penny stocks as promoters, consultants, agents, or in any of a number of other guises"). Id. at 21-22, reprinted in 1990 U.S.C.C.A.N. at 1423-24. Thus, the Remedies Act was aimed precisely at individuals

---

3       This Response Memorandum does not address the majority of cases cited by Respondent because they have nothing to do with penny stock bars, cease and desist orders, or in most instances even the securities laws.

such as Leshem "who evade their bars by participating in the penny stock market in a more informal capacity." Koch, 177 F.3d at 788.

Leshem also relies on an irrelevant quote from SEC v. Smyth, 420 F.3d 1225 (11th Cir. 2005). Leshem Mem. at 7-8. In that case, the court indicated in dicta within a footnote that particular injunctive language, which was not even at issue on appeal, was an unenforceable "obey the law" injunction. See 420 F.3d at 122 n.14. A penny stock bar does not resemble the type of anti-fraud injunction at issue in Smyth.[4] Regardless, the law in the Eleventh Circuit on this point is clear. Violations of the securities laws can be enjoined as expressly authorized by Congress. SEC v. Carriba Air, Inc., 681 F.2d 1318, 1321 (11th Cir. 1982); see also SEC v. Ginsburg, 363 F.3d 1292, 1305 (11th Cir. 2004) (holding that it is clear error not to enjoin a defendant from future violations of the securities laws when factors weigh in favor of injunction).[5] Thus, the dicta found in the Smyth decision does not compel a different conclusion. See SEC v. Converge Global, Inc., 2006 WL 907567, at *8 (S.D. Fla. March 10, 2006) (citing Ginsburg and Carriba Air); SEC v. Focus Financial Assoc., Inc., Case No. 05-21527-CIV-MOORE, at 2-3 (S.D. Fla. Oct. 18, 2005) (citing Carriba Air as controlling in spite of Smyth language) (attached as Ex. 3). Because Leshem raises no valid legal challenge to the Complaint, his motion to dismiss should be denied.

---

4   Indeed, the language at issue in Smyth was not a penny stock bar or a Commission Cease and Desist Order. Nor does the penny stock bar about which Leshem complains simply "track the provisions of the statute or regulation the violation of which is enjoined." Id. Unlike the anti-fraud injunction at issue in Smyth, the conduct proscribed by the penny stock bar is not in and of itself illegal conduct. Because the penny stock bar prohibits conduct that is otherwise legal, Leshem's bar cannot be considered an "obey the law" injunction.

5   In addition to the fact that prior decisions *hold* that injunctions against future violations of the securities laws are appropriate as opposed to the dicta quoted by Leshem from Smyth, where prior panel decisions conflict, the one first released is controlling. Ginsburg, 363 F.3d at 1298.

5

## Leshem Should Be Barred From Challenging The Cease And Desist Order

Legal and equitable principles of finality militate against Leshem's untimely challenge to the Order.  Leshem freely and knowingly entered into a settlement in which he waived the right to judicial review of the penny stock bar.  Accord Ex. 2 at ¶¶ V, VI, VIII with Securities and Exchange Commission Rules of Practice 240(c)(4)(v), 17 C.F.R. § 201.240(c) ("By submitting an offer of settlement, the person making the offer waives, subject to acceptance of the offer . . . judicial review by any court.").  The Order to which he consented was apparently unobjectionable to Leshem until the Commission caught him violating it.  This attack is untimely and inappropriate, particularly as a collateral attack in a motion to dismiss an enforcement action.  Leshem has long ago waived any right to challenge his penny stock bar.

Both Leshem and the Commission gave up something that each might have gained through litigation while waiving that right.  See U.S. v. Armour & Co., 402 U.S. 673, 681 (1971) (parties to a consent decree "waive their right to litigate the issues involved in the case and thus save themselves . . .the inevitable risk of litigation.... [They] each give up something they might have won had they proceeded with the litigation.")  In this instance, Leshem agreed, among other things, not to participate in the offering of a penny stock within the meaning of the Exchange Act and gave up his right to challenge the propriety of such a remedy.  "When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."  McCormick v. City of Chicago, 230 F.3d 319, 327-28 (7th Cir. 2000) (citing United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994)

6

(affirming district court's finding that plaintiff's erroneous interpretation of statute was not grounds for relief from judgment)).

Not only does Leshem's Offer of Settlement specifically state that he had read and understood the Cease and Desist Order [Offer at ¶ VIII], but Leshem was represented by counsel during the settlement negotiations.  Seven years after consenting to the Order, Leshem's belated challenge should be dismissed out of hand.  See Handler v. SEC, 610 F.2d 656, 660 (9th Cir. 1979) (noting that petitioner had consented to the relief he sought to enjoin and upholding dismissal of challenge to relief in consent order where "plaintiffs waited fourteen months . . . before seeking extraordinary relief.  Whether we label the legal theory as laches, waiver, or estoppel, we find the plaintiffs' inaction provides sufficient reason" to reject the challenge to the consent order).

The settlement agreement that Leshem entered into was the result of a calculated and deliberate choice by which Leshem, with the advice of counsel, gave up the right to challenge the Commission on issues of fact and law in exchange for a final resolution of the charges and a measure of certainty as to the sanctions.  Leshem's collateral attack the Cease and Desist Order is legally without merit, and Leshem should be held to the deal that he made.

<u>**The Complaint Properly States A Claim Against Leshem**</u>

A motion to dismiss should be denied unless on the face of the complaint it appears that Plaintiff can prove no set of facts that support a claim for relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Leshem makes no argument that the Complaint fails to allege the elements of the claim against him.  On the contrary, the Complaint clearly alleges the requisite elements of a claim, and therefore the motion should be denied.

7

The Complaint alleges that Leshem violated Section 15(b)(6)(B)(i) of the Exchange Act, 15 U.S.C. § 78o(b)(6)(B)(i).  Compl. ¶¶ 126-28.  That section provides that it is unlawful "for any person as to whom an order under subparagraph (A) is in effect, without the consent of the Commission, . . . to participate in an offering of penny stock in contravention of the order."  15 U.S.C. § 78o(b)(6)(B)(i).  Thus, the Complaint need only allege that (a) an order under subparagraph (A) was in effect; and (b) that Leshem participated in an offering of penny stock in contravention of the order.

The Complaint goes well beyond the minimum requirements necessary for the Commission to meet its obligations under Fed. R. Civ. P. 8(a).  The Complaint specifically alleges that an Order under subparagraph A was in effect during the relevant time period.  Compl. ¶¶ 10, 93.  It also alleges that Leshem participated in an offering of penny stock in contravention of the order.  Compl. ¶¶ 110, 127.  In addition, the Complaint alleges facts that show Leshem met the statutory definition of a "person participating in an offering of penny stock."  Specifically, the Complaint alleges that: [6]

- ArTec qualified as a Penny Stock.  Compl. ¶¶ 12, 94-96.
- Leshem worked as a paid consultant to ArTec.  Compl. ¶¶ 14-17, 97.
- Leshem contacted Shrewder to provide broker relations and individual investor relations on behalf of ArTec with a goal of beginning to increase the price and volume of ArTec stock.  Compl. ¶ 18.
- Leshem transferred to Shrewder 600,000 shares of ArTec stock as compensation for promotional activities.  Compl. ¶ 37, 105.
- Leshem dealt directly with broker dealers on behalf of ArTec, and one of Leshem's duties was "to assist in some operational matters pertaining to broker-dealers." Compl. ¶ 102.
- Leshem suggested that certain of ArTec's original investors open accounts at specific broker dealers to assist in gaining more market makers. Compl. ¶ 103.
- On at least one occasion, Leshem helped ArTec's founding fathers deposit shares with a broker-dealer.  Compl. ¶ 104.

---

[6]     Most of these facts, which are clearly relevant to the Commission's claims, were omitted from Leshem's recitation of the supposedly "relevant" allegations against him.  See Leshem Mem. at 3-4.

8

- Leshem arranged for a broker he knew at Park Financial Group to enter into a consulting agreement with ArTec, among other things, to become a market maker in ArTec stock.  Compl. ¶ 106.
- Leshem contacted an ArTec shareholder to convince him to purchase additional shares of ArTec stock to help slow the declining market in ArTec stock. Compl. ¶ 107.

Thus, Leshem cannot avail himself of Fed. R. Civ. P. 12(b)(6) where the Complaint properly alleges a claim that he violated his penny stock bar under Exchange Act § 15(b).  See, e.g., Koch, 177 F.3d at 787 (SEC may prosecute a case based on violation of penny stock bar); SEC v. Yu, 231 F. Supp.2d 16 (S.D.N.Y. 2002) (holding injunction appropriate for, among other things, defendant's violation of Commission Order).

### Ananda Raises No Valid Argument Supporting Its Dismissal

In support of its argument that Ananda Capital Partners should be dismissed, Ananda cites no cases, asks one question, and otherwise counts on the dismissal of the claims against Leshem.  Ananda's first of two points simply queries why Ananda's receipt of ill-gotten gains without compensation is any concern of the SEC?  Leshem Mem. at 12.  This does not provide grounds for dismissal under the Rule 12(b)(6) standard.  Nonetheless, the Commission can obtain equitable relief from a party that "possess[es] illegally obtained profits but ha[s] no legitimate claim to them."  SEC v. Cherif, 933 F.2d 403, 414 n.11 (7th Cir. 1991); SEC v. Chemical Trust, 2000 WL 33231600, at 11 (S.D. Fla. 2000); see also SEC v. First City Financial Corp., 890 F.2d 1215, 1230-31 (D.C. Cir. 1989) (disgorgement primarily serves to prevent unjust enrichment).  Otherwise, Ananda simply argues that the claim against it flows from the allegedly unenforceable Cease and Desist Order.  Although the Commission agrees that,

9

in this instance, Ananda's liability is derivative of Leshem's, Ananda's motion to dismiss is equally derivative and therefore must be dismissed.

Respectfully submitted,

/s/
_____
Stephen L. Cohen, Trial Counsel (Fla. Bar #128317)
Peter H. Bresnan
C. Joshua Felker
Samuel J. Draddy
Kevin Muhlendorf

Counsel for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
Tel: (202) 551-4472 (Cohen)
Fax: (202) 551-9245
E-mail:  cohens@sec.gov

Dated: April 17, 2006

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile and U.S. mail upon the following:  **Nancy Van Sant, Esq.,** Sacher, Zellman & Van Sant, 1401 Brickell Avenue, Miami, FL  33131 (Fax No. 305-374-2605); **Ronald C. Kaufman, Esq. and Richard W. Badillo, Esq.,** Kaufman & Wallis, 1639 Carson Avenue, Tulsa OK  74119-4215 (Fax No. 918-584-2207); and, because John R. Shrewder no longer has local counsel in this action, upon **John R. Shrewder**, 2216 East 24th Street, Tulsa, OK  74114 (Fax No. 918-584-4468), on this **17th day of April, 2006.**

/s/
_____
Stephen L. Cohen
Florida Bar No. 128317

10

# Ex. 1

<u>SEC v. Shrewder et al.,</u> Case No.  06-80126-CIV-RYSKAMP\VITUNAC
*MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT*
*LESHEM AND RELIEF DEFENDANT ANANDA*

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES ACT OF 1933
Release No.   7658 / March 22, 1999

SECURITIES EXCHANGE ACT OF 1934
Release No.   41197 / March 22, 1999

SECURITIES & EXCHANGE COMMISSION
MAILED FOR SERVICE

MAR 2 3 1999

BY: 804662-663

ADMINISTRATIVE PROCEEDING
File No. 3 - 9153

- - - - - - - - - - - - - - - - - -

In the Matter of          :
                          :
Miron Leshem,             :
                          :
        Respondent.       :

- - - - - - - - - - - - - - - - - -

ORDER MAKING FINDINGS,
IMPOSING REMEDIAL SANCTIONS
AND IMPOSING A CEASE-AND-
DESIST ORDER

I.

In connection with a public administrative proceeding instituted against him pursuant to Section 8A of the Securities Act of 1933 ("Securities Act") and Sections 15(b) and 21C of the Securities Exchange Act of 1934 ("Exchange Act"), Miron Leshem ("Leshem") has submitted an Offer of Settlement ("Offer") to the Securities and Exchange Commission ("Commission"), which the Commission has determined to accept.  Solely for the purpose of this proceeding and any other proceeding brought by or on behalf of the Commission or in which the Commission is a party, and without admitting or denying the findings contained herein, except as to jurisdiction which is admitted, Leshem consents to the entry of the findings and remedial sanctions set forth below.

II.

On the basis of this Order and the Offer submitted by Leshem, the Commission makes the following findings[1]:

---

[1]    Any findings contained herein are made pursuant to Respondent Leshem's Offer of Settlement and are not binding on any other person or entity named as a respondent in this or any other proceeding.

A.    <u>Miron Leshem</u> ("Leshem"), at the time of the conduct in question was 32 years old, and a resident of Florida. Although Leshem was previously a registered representative, at the time of the conduct in question he was not, and currently is not, associated with a registered broker-dealer.

B.    <u>Debbie Reynolds Hotel & Casino, Inc. f/k/a Halter Venture Corp.</u> is located in Las Vegas, Nevada. It is a hotel business. The company's securities are registered with the Commission pursuant to Section 12(g) of the Exchange Act and are listed on the Over-the-Counter Bulletin Board under the symbol DEBI.

C.    During the period from at least in or about the beginning of November 1995 through in or about the end of November 1995, Leshem offered to pay, and did pay, undisclosed compensation to person(s) whom he believed to be registered representative(s) or registered principal(s), to induce such registered representatives, registered principals or persons to purchase DEBI stock for the accounts of customers. For example, between on or about November 14 and November 24, 1995, Leshem directly or indirectly transferred, or caused to be transferred, a total of 1,500 shares of DEBI stock in undisclosed compensation to a broker-dealer for having previously purchased 10,000 shares of DEBI at approximately $2.00 per share by the broker-dealer. Accordingly, Leshem willfully violated, and committed and caused violations of, Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

III.

Based on the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions and issue the cease-and-desist order as specified in the Offer of Settlement.

Accordingly, IT IS HEREBY ORDERED that:

1.    Respondent Leshem, effective immediately, cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

2.    Respondent Leshem, effective immediately, be and hereby is barred from participation in penny stock offerings; and

2

3.     Respondent Leshem, prior to the close of business on the thirtieth business day after the date of this Order, pay disgorgement in the amount of $3,000, plus interest from November 1995 to the date of the Order,[2] to the United States Treasury.  Such payment shall be: (a) made by United States postal money order, certified check, bank cashier's check or bank money order; (b) made payable to the U.S. Securities and Exchange Commission; (c) hand-delivered to the Comptroller, Securities and Exchange Commission, Mail Stop 0-3, 450 Fifth Street, N.W., Washington, D.C. 20549; and (d) submitted under cover letter which identifies Leshem as the Respondent in this proceeding, the file number of this proceeding, 3-9153, and a copy of which cover letter and money order or check shall be sent to Thomas A. Capezza, Senior Attorney, Northeast Regional Office, Securities and Exchange Commission, 7 World Trade Center, 13th Floor, New York, New York 10048.

For the Commission, by its Secretary, pursuant to delegated authority.

Jonathan G. Katz
Secretary

By: Margaret H. McFarland
Deputy Secretary

---

[2]     The amount of prejudgment interest is to be calculated using the Internal Revenue Service late payment rate.

3

<u>SERVICE LIST</u>

Rule 141 of the Commission's Rules of Practice provides that the Secretary, or another duly authorized officer of the Commission, shall serve a copy of the Order Making Findings, Imposing Remedial Sanctions and Imposing a Cease-and-Desist Order on each person named as a party in the order and their legal agent.

The attached Order Making Findings, Imposing Remedial Sanctions and Imposing a Cease-and-Desist Order against Miron Leshem has been sent to the following parties and other persons entitled to notice:

        Honorable Brenda P. Murray
        Chief Administrative Law Judge
        U.S Securities and Exchange Commission
        450 Fifth Street, N.W.
        Mail Stop 11-6
        Washington, D.C. 20549

        Securities and Exchange Commission
        Division of Enforcement
        450 Fifth Street, N.W.
        Mail Stop 8-9
        Washington, D.C. 20549
        Attention: Office of Chief Counel, Div. of Enforcement
                  Joanne Cronrath Bamberger, Esq.

        Securities and Exchange Commission
        Northeast Regional Office
        7 World Trade Center - 13th Floor
        New York, New York 10048
        Attention:   Thomas A. Capezza, Esq.

        James Q. Walker, Esq.
        Richards, Spears, Kibbe & Orbe
        One Chase Manhattan Plaza
        New York, New York 10005-1413
        Counsel to Respondent

        Miron Leshem
        8196 Mizner Lane
        Boca Raton, Florida 33433

# Ex. 2

SEC v. Shrewder et al., Case No.  06-80126-CIV-RYSKAMP\VITUNAC
*MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT*
*LESHEM AND RELIEF DEFENDANT ANANDA*

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

ADMINISTRATIVE PROCEEDING
File No. 3 - 9153

- - - - - - - - - - - - - - - - - -x

In the Matter of                        :
                                        :          OFFER OF SETTLEMENT
Miron Leshem,                           :          OF MIRON LESHEM
                                        :
        Respondent.                     :
- - - - - - - - - - - - - - - - - -x

I.

Respondent Miron Leshem ("Leshem"), pursuant to Rule 240(a) of the Commission's Rules of Practice, 17 C.F.R. § 201.240(a), hereby submits this Offer of Settlement ("Offer") in connection with a public administrative proceeding instituted against him pursuant to Section 8A of the Securities Act of 1933 ("Securities Act") and Sections 15(b) and 21C of the Securities Exchange Act of 1934 ("Exchange Act").

II.

This Offer is submitted solely for the purpose of settling this proceeding and with the express understanding that it will not be used in any way in this or any other proceeding unless the Offer is accepted by the Commission. If the Offer is not accepted by the Commission, the Offer is withdrawn without prejudice to Leshem and shall not become a part of the record in this or any other proceeding, except for the waiver expressed in Section V with respect to Rule 240(c)(5) of the Commission's Rules of Practice [17 C.F.R. § 201.240(c)(5)].

III.

On the basis of the foregoing, Leshem hereby:

A.      Acknowledges service of the Order Instituting Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Sections 15(b) and 21C of the Securities Exchange Act of 1934, and the Order Making Findings, Imposing Remedial Sanctions and Issuing Cease-and-Desist Order ("Order");

B.      Admits to the jurisdiction of the Commission over him and over the matters to be contained in the Order;

C.    Solely for the purpose of this proceeding and any other proceeding brought by or on behalf of the Commission or in which the Commission is a party, and without admitting or denying the findings contained in the Order,[1] Leshem consents to the entry of the Order by the Commission containing the following findings:

## FACTS

1.    Miron Leshem ("Leshem"), at the time of the conduct in question was 32 years old, and a resident of Florida.  Although Leshem was previously a registered representative, at the time of the conduct in question he was not, and currently is not, associated with a registered broker-dealer.

2.    Debbie Reynolds Hotel & Casino, Inc. f/k/a Halter Venture Corp. is located in Las Vegas, Nevada.  It is a hotel business.  The company's securities are registered with the Commission pursuant to Section 12(g) of the Exchange Act and are listed on the Over-the-Counter Bulletin Board under the symbol DEBI.

3.    During the period from at least in or about the beginning of November 1995 through in or about the end of November 1995, Leshem offered to pay, and did pay, undisclosed compensation to person(s) whom he believed to be registered representative(s) or registered principal(s), to induce such registered representatives, registered principals or persons to purchase DEBI stock for the accounts of customers.  For example, between on or about November 14 and November 24, 1995, Leshem directly or indirectly transferred, or caused to be transferred, a total of 1,500 shares of DEBI stock in undisclosed compensation to a broker-dealer for having previously purchased 10,000 shares of DEBI at approximately $2.00 per share by the broker-dealer.  Accordingly, Leshem willfully violated, and committed and caused violations of, Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

D.    Consents to the entry of the Order by the Commission that:

1.    orders, effective immediately, Respondent Leshem to cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

---

[1]    Any findings contained herein are made pursuant to this Offer of Settlement and are not binding on any other person or entity named as a respondent in this or any other proceeding.

      2.      orders, effective immediately, Respondent Leshem to be, and hereby is, barred from participation in penny stock offerings; and

      3.      orders, prior to the close of business on the thirtieth business day after the date of the Order, Respondent Leshem to pay disgorgement in the amount of $3,000, plus interest from November 1995 to the date of the Order,[2] to the U.S. Securities and Exchange Commission.  Such payment shall be: (a) made by United States postal money order, certified check, bank cashier's check or bank money order; (b) made payable to the U.S. Securities and Exchange Commission; (c) hand-delivered to the Comptroller, Securities and Exchange Commission, Mail Stop 0-3, 450 Fifth Street, N.W., Washington, D.C. 20549; and (d) submitted under cover letter which identifies Leshem as the Respondent in this proceeding, the file number of this proceeding, 3-9153, and a copy of which cover letter and money order or check shall be sent to Thomas A. Capezza, Senior Attorney, Northeast Regional Office, Securities and Exchange Commission, 7 World Trade Center, 13th Floor, New York, New York 10048.

## IV.

Leshem understands that the Commission may make Findings of Fact and Conclusions of Law consistent with this Offer.

## V.

By submitting this Offer, Leshem hereby acknowledges his waiver of those rights specified in Rule 240(c)(4) and (5) of the Commission's Rules of Practice.

## VI.

Leshem understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" [17 C.F.R. § 202.5(e)].  In compliance with this policy, Leshem agrees: (i) not to take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Order or creating the impression that the Order is without factual basis; and (ii) that upon the filing of this Offer of Settlement, Leshem hereby withdraws any papers filed in this proceeding to the extent that they deny any allegation in the Order.  If Leshem breaches this agreement, the Division of Enforcement may petition the Commission to vacate the Order and restore this proceeding to its active docket.  Nothing in this provision affects Leshem's testimonial obligations or right to take legal positions in litigation in which the

---

[2]    The amount of prejudgment interest is to be calculated using the Internal Revenue Service late payment rate.

3

Commission is not a party.

### VII.

Consistent with the provisions of 17 C.F.R. § 202.5(f), Leshem waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

### VIII.

Leshem hereby represents that he has read and understands the foregoing Offer; he understands that final acceptance by the Commission of this Offer will be only by its Findings and Order and Opinion, if any, issued in these proceedings; and avers that this Offer is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature have been made by the Commission or any member, officer, employee, agent, or representative of the Commission in consideration of this Offer or otherwise to induce him to submit this Offer.

### IX.

Leshem understands that the Commission, in its sole and exclusive discretion, may refer this matter, or any information or real or testimonial evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate civil, criminal, or administrative jurisdiction or authority.

### X.

Leshem acknowledges that he has been informed that the Commission has not and does not waive its right to commence, in its sole and exclusive discretion, any administrative or civil action or any civil or criminal contempt proceeding against any

4

other person or entities as a result of this matter or any information or evidence gathered in connection therewith or derived therefrom.

Dated: _December_ , _8_ , 1998

_[signature]_
_____
Miron Leshem

STATE OF _FLORIDA_      )
                        )   ss.:
COUNTY OF _PALM BEACH_  )

    On this _8_ day of _December_ , 1998, before me personally came MIRON LESHEM, to me known and known to me to be the person who executed the foregoing Offer of Settlement, and he acknowledges to me that he executed the same.

_[signature]_
_____
Notary Public

                        NOTARY PUBLIC
                        STATE OF FLORIDA
John L DeLisa
My Commission CC600806
Expires   November 11  2000

My commission expires: _NOV. 11, 2000_

5

# Ex. 3

SEC v. Shrewder et al., Case No.  06-80126-CIV-RYSKAMP\VITUNAC
*MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT*
*LESHEM AND RELIEF DEFENDANT ANANDA*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 05-21527-CIV-MOORE

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

vs.                                      **ORDER**                

FOCUS FINANCIAL ASSOCIATES, INC.,
FOCUS DEVELOPMENT CENTER, INC.,
MAX FRANCOIS,
AIBY PIERRE-LOUIS, and
JEAN FRITZ MONTINARD

      Defendants.

_____/

      THIS CAUSE came before the Court upon Plaintiff's Notice of Filing Consent of Max
Francois to Final Judgment of Permanent Injunction and Other Relief (DE #18).

      UPON CONSIDERATION of the Motion and the pertinent portions of the record, and
being otherwise fully advised in the premises, the Court enters the following Final Judgment.

## BACKGROUND

      This case arises out of alleged violations of the antifraud provisions of the federal
securities laws.  Plaintiff, the Securities and Exchange Commission, brings this action against
Focus Financial Associates, Inc., Focus Development Center, Inc., Max Francois ("Francois"),
Aiby Pierre-Louis and Jean Fritz Montinard, (collectively "Defendants") for allegedly engaging in
a Ponzi scheme that raised approximately $6 million from more than 600 Haitian-Americans
living in South Florida.  Complaint ("Compl."), ¶1.  The Focus Companies' scheme allegedly
centered around the offer and sale of twelve-month notes, and the Defendants allegedly made
misrepresentations and omissions in connection with the sale of these notes.  Id.  Francois has
been the founder, president and day-to-day operational manager of Focus Development and a
director of Focus Financial since January, 2002.  Id. at ¶4.

      Plaintiff Securities and Exchange Commission commenced this action by filing its
Complaint against, among others, Defendant Max Francois ("Francois").  In its Complaint, the
Commission sought, among other relief, a permanent injunction to prohibit violations of Section

17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder; an Order providing for disgorgement and prejudgment interest, and imposition of a civil money penalty against Francois pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

On September 27, 2005, Francois consented to a "Final Judgment of Permanent Injunction and Other Relief" (DE #18). The consent and the proposed injunction represent a settlement between the Commission and Francois, leaving the issues of disgorgement and civil penalty for the Court's later determination. In its proposed injunction, the parties agree, among other things, to permanently enjoin Francois from any further violations of Section 17(a) of the Securities Act and Section 10(b) (and Rule 10b-5 thereunder) of the Exchange Act.

## DISCUSSION

In Plaintiff's Notice of Filing Consent of Max Francois to Final Judgment of Permanent Injunction and Other Relief, Plaintiff points out that the Eleventh Circuit "recently questioned the enforceability of a similarly worded permanent injunction in SEC v. Smyth." Indeed, the injunction in Smyth had nearly identical language to that quoted above. SEC v. Smyth, 420 F.3d 1225, 1229 (11th Cir. 2005). In Smyth, however, the defendant did not challenge the injunctive provisions contained in the consent decree. Id. at n.14. The Court of Appeals noted that "Although . . . the consent decree's injunctions are not before us for review, they are still before the district court, which retained jurisdiction to enforce them, and therefore subject to the court's inherent power to modify or revoke them. Because the injunctions are still before the district court, we would be remiss if we did not inform the court that they are unenforceable." Id. The Court of Appeals concludes that "[e]ach of the injunctions is a quintessential 'obey-the-law' injunction." Id. (citing Florida Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1222 (11th Cir. 2000) (finding injunction improper under Rule 65(d) because "it accomplished little more than enjoining Defendants from violating the law").

In spite of the strongly worded dicta of the Eleventh Circuit in Smyth, this Court believes that the earlier decision of SEC v. Carriba Air, Inc., 681 F.2d 1318 (11th Cir. 1982) is

controlling.[1] In <u>Carriba Air</u>, a nearly identical injunction was upheld by the Court of Appeals where "the SEC had demonstrated a pattern of past and present questionable business practices" and "[b]latant and inexcusable violations of the securities laws occurred." 681 F.2d at 1322.

## CONCLUSION

Francois, having entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, has consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment of Permanent Injunction (the "Judgment"). It is hereby

ORDERED AND ADJUDGED that Francois, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1.   to employ any device, scheme, or artifice to defraud;

2.   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3.   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further

---

[1] Where prior panel decisions conflict, this Court is directed to follow the first one released, <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1072 (11th Cir.2000) ("where two prior panel decisions conflict we are bound to follow the oldest one"); <u>United States v. Dailey</u>, 24 F.3d 1323, 1327 (11th Cir.1994) (where there is an intra-circuit conflict, "the earliest panel opinion resolving the issue in question binds this circuit until the court resolves the issue en banc").

ORDERED AND ADJUDGED that Francois, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5] by using any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

1.   to employ any device, scheme, or artifice to defraud;

2.   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3.   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further

ORDERED AND ADJUDGED that Francois shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21 (d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interests shall be calculated from February 1, 2002, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. §6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Francois will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Francois may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (4) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary

evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.  It is further

ORDERED AND ADJUDGED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Francois shall comply with all of the undertakings and agreements set forth therein.  It is further

ORDERED AND ADJUDGED that this Court shall retain jurisdiction over this matter and Francois for a period of ninety (90) days in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.  It is further

ORDERED AND ADJUDGED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of October, 2005.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

copies provided:
All counsel of record