May 15 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80126-CIV-RYSKAMP\VITUNAC

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,

v.

JOHN R. SHREWDER; THE FRANKLIN
GROUP, INC.; and ASHLEY MIRON LESHEM,
    Defendants,

**and**

ANANDA CAPITAL PARTNERS, INC.
    Relief Defendant.
_____/

**JOINTLY PROPOSED DISCOVERY PLAN
PURSUANT TO FED. R. CIV. P. 26(f)**

Plaintiff Securities and Exchange Commission ("SEC"), for the jointly proposed discovery plan on behalf of all parties attending, through counsel, the teleconference held on May 3, 2006, pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, states as follows:

    1.    <u>Rule 26(f) Conference</u>: On May 3, 2006, the following counsel participated in a teleconference of parties pursuant to Fed. R. Civ. P. 26(f): Stephen L. Cohen and Kevin Muhlendorf (on behalf of plaintiff SEC); Stephen A. Zrenda Jr. and Kenneth M. Stoner (on behalf of defendants John R. Shrewder and The Franklin Group, Inc.); and Nancy Van Sant (on behalf of defendant Ashley Miron Leshem and Relief Defendant Ananda Capital Partners, Inc.).

2. <u>Discovery Plan</u>: Counsel agreed to or state the following regarding the Local Rule 16.1.B.2 discussion items:

    a. *Likelihood of settlement*: The parties believe that it is too early to evaluate the likelihood of settlement.

    b. *Likelihood of appearance of additional parties*: The parties do not anticipate appearance of additional parties.

    c. *Proposed limits on time*:

        i. All adding of parties or amendment of pleadings should be completed on or before August 31, 2006.

        ii. Motions should be filed on or before December 4, 2006.

        iii. Discovery should be completed on or before November 3, 2006.

    d. *Proposals for formulation and simplification of issues*: Plaintiff believes that certain issues in the case may be simplified or resolved by early summary judgment motions in this case. Defendant Leshem believes that oral argument on his motion to dismiss, which he views as dispositive and meritorious in light of recent Eleventh Circuit caselaw, would help resolve issues prior to discovery so as to avoid the cost of unnecessary discovery. Plaintiff believes that the motion to dismiss is without merit and that the Court can resolve the motion on the briefs.

    e. *Amendments of pleadings*: Plaintiff anticipates that it may request leave of court to amend the pleadings after discovery involving

        additional securities related to defendants' conduct underlying the securities law violations alleged in the Complaint.

    f.    *Possibility of stipulations to avoid unnecessary proof*: The parties believe it is premature to address this issue at this stage but believe they will be able to work cooperatively toward stipulations regarding matters such as the authenticity of documents and other evidentiary issues.

    g.    *Suggestions for the avoidance of unnecessary proof and of cumulative evidence*: The parties will cooperate to discuss avoidance of unnecessary proof and cumulative evidence prior to trial.

    h.    *Referral to magistrate judge*: The parties agree to the referral of all discovery motions to the magistrate judge.

    i.    *Preliminary estimate of time for trial*: The parties estimate that a trial in this matter would take 7-10 days.

    j.    *Pretrial conference*: The parties request a pretrial conference. Because each of the parties and most of the witnesses live in different parts of the country, the parties would benefit from resolution of certain logistical and evidentiary issues prior to trial, which will make trial more efficient and less burdensome on potential witnesses.

  k. *Other issues*:

    i. *Trial*:  The parties respectfully request a specific trial date because one of the defendants resides in Oklahoma, lead counsel for plaintiff resides in Washington, D.C., and many of the witnesses will be from out of state. Thus, it will be virtually impossible to arrange for testimony of out-of-state witnesses with only 24 hours notice per the Court's trial calendar practice.

    ii. *Service*:  For documents under twenty pages (including exhibits), the parties agree to effect service by U.S. mail and either email or facsimile.  Documents exceeding twenty pages must be sent by overnight mail and/or, if filed by ECF, served via email.  A document received before 5:00 p.m. local time of the recipient will be deemed served on that day.  A document received later than that will be deemed received on the next business day.  For the purpose of computing time for responses and replies to motions, the parties will be governed by Local Rule 7.1.C.1(b).

    iii. *Rule 26(a) disclosures*:  Each party's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) are due to be received by all other parties by 5:30 p.m. EDT on Wednesday, May 17, 2006.

4

iv. *Depositions*: The parties agree that each party may take up to fifteen (15) depositions, and counsel noticing the deposition shall make arrangements to allow for telephonic attendance. Discovery otherwise will be governed by Local Rule 16.1.

Respectfully submitted by counsel for SEC on behalf of all counsel listed below,

/s/

Stephen L. Cohen (Fla. Bar #128317)
Peter H. Bresnan
C. Joshua Felker
Samuel J. Draddy
Kevin Muhlendorf

Attorneys for Plaintiff
Securities & Exchange Commission
100 F Street, N.E., MS-4030
Washington, D.C. 20549-4030
Tel: (202) 551-4472 (Cohen)
Fax: (202) 551-9245

**Seen and Agreed to by the Following Counsel:**
Stephen A. Zrenda Jr, Esq. (Oklahoma Bar # 10011)
Nancy Van Sant, Esq. (Florida Bar # 0885370)

Dated: May 15, 2006

5

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing was served via email and U.S. mail upon the following: **Nancy Van Sant, Esq.,** Sacher, Zelman, Van Sant, Paul, Beiley, Hartman, Rolnick & Greif, P.A., 1401 Brickell Avenue, Miami, FL 33131 (email: nvansant@sacherzelman.com); **Stephen A. Zrenda, Jr.,** 5700 NW 132nd Street, Oklahoma City, OK 73142 (ZrendaEsq@aol.com), on this **15th day of May, 2006.**

/s/
Stephen L. Cohen
Florida Bar No. 128317

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  06-80126-CIV-RYSKAMP\VITUNAC

SECURITIES AND EXCHANGE COMMISSION,
        Plaintiff,

v.

JOHN R. SHREWDER; THE FRANKLIN
GROUP, INC.; and ASHLEY MIRON LESHEM,
        Defendants,

**and**

ANANDA CAPITAL PARTNERS, INC.
        Relief Defendant.
_____/

## [PROPOSED] SCHEDULING ORDER

Pursuant to Local Rule 16.1(b)(7), IT IS ORDERED AND ADJUDGED as follows:

1. The parties have requested a pretrial conference, which shall be held at ____ _____ on _____. The parties should attempt to file motions in limine, if possible, so that they are fully briefed prior to this date to the extent that resolution of such motions will assist the Court and the parties in a more expeditious trial.

2. Counsel shall meet at least ONE MONTH prior to the pretrial conference, but in no event later than ONE MONTH prior to the beginning of the trial calendar, to confer on the preparation of a pretrial stipulation.

3. The original and one copy of a joint pretrial stipulation shall be filed on or before the date set forth in the attached Notice of Trial and shall conform to Local Rule 16.1(e). The Court will not allow unilateral pretrial stipulations.

4. Because there is a jury demand in this case, each party shall file the original and one copy of the proposed jury instructions at least ONE WEEK prior to the beginning of the trial calendar. Each jury instruction shall be typed on a separate sheet and must be supported by citation of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for civil cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. At the close of the evidence, a party may file additional instructions covering matters occurring at the trial that could not reasonably be anticipated, and with the Court's permission, file untimely requests for instructions on any issue.

5. If the parties should stipulate to a trial before the Court, each party shall file the original and one copy of the proposed findings of fact and conclusion of law at least ONE WEEK prior to the beginning of the trial calendar. Proposed conclusion of law shall supported by citations of authority.

6. All exhibits must be pre-marked. The plaintiff and defendant shall both mark their exhibit numerically. A typewritten exhibit list setting forth the number and description of each exhibit shall be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

7. A motion for continuance shall not stay the requirement for the filing of a pretrial stipulation and, unless an emergency situation arises, a motion for continuance

will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is schedule to commence.

8.  Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9.  The following timetable shall govern the pretrial procedure in this case. This schedule shall not be modified absent compelling circumstances.

| | | |
|---|---|---|
| * | **August 31, 2006** | Joinder of additional parties and amended pleadings |
| * | **September 29, 2006** | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial along with the disclosures required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses listed shall be permitted to testify. Within the 14 day period following this disclosure, the plaintiff shall make its experts available for deposition by the defendant. The experts' depositions may be conducted without further order the Court. |
| * | **October 13, 2006** | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial along with the disclosures required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses listed shall be permitted to testify. Within the 14 day period following this disclosure, the defendant shall make its experts available for deposition by the plaintiff. The experts' depositions may be conducted without further order from the Court. |
| * | **October 13, 2006** | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be called at trial and only those witnesses listed shall be permitted to testify. |
| * | **November 3, 2006** | All discovery must be completed. |

3

\*   **December 4, 2006**         All pretrial motions and memoranda of law must be filed.

This case is assigned to the <u>STANDARD</u> track.

This is a _____<u>JURY</u>_____ trial.

10.     Trial, calendar call and the pretrial stipulation due date will be set by separate notice.

11.     If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate order for dismissal, within ten (10) days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1).

Dated this ____day of _____,2006

                                                    _____
                                                    KENNETH L. RYSKAMP
                                                    United States District Judge

Copies provided:
**Stephen L. Cohen**
       Securities & Exchange Commission
       100 F Street, N.E., MS-4030
       Washington, D.C.  20549-4030
       Fax: (202) 551-9245
**Nancy Van Sant, Esq.**
       Sacher, Zelman, Van Sant,
       Paul, Beiley, Hartman, Rolnick & Greif, P.A
       1401 Brickell Avenue
       Miami, FL  33131
       (F) (305) 374-2605
**Stephen A. Zrenda, Jr.**
       5700 NW 132nd Street
       Oklahoma City, OK  73142
       (F) (405) 721-7310

4