UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80126-CIV-RYSKAMP\VITUNAC

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

v.

JOHN R. SHREWDER; THE FRANKLIN
GROUP, INC.; and ASHLEY MIRON LESHEM,

   Defendants,
**and**

ANANDA CAPITAL PARTNERS, INC.

   Relief Defendant.
_____/

### REQUEST OF DEFENDANT LESHEM AND RELIEF DEFENDANT ANANDA FOR ORAL ARGUMENT ON THEIR MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

DEFENDANT ASHLEY MIRON LESHEM ("Leshem") and RELIEF DEFENDANT ANANDA CAPITAL PARTNERS, INC. ("Ananda"), each request, pursuant to S.D. Fla. L.R. 7.1.B.2,[1] that the Court grant oral argument on their Motion to Dismiss. [D.E. 16] They estimate oral argument will take twenty (20) minutes.

In this case, the SEC asks this Court to order not only injunctive relief, but also fines and penalties, disgorgement, and a lifetime bar against what the SEC admits is otherwise

---

[1] These defendants recognize that the Local Rule provides that a request for oral argument should be made when the initial motion is filed; however, it was not until defendants read the SEC's opposition, did they become aware of the importance of these issues not only to the parties herein, but also to the litigants who deal with the SEC in South Florida, and nationwide.



lawful activity, based upon an earlier vague cease and desist order, which involved the payment of $3,000.00 by Leshem.

We submit that oral argument on this Motion is highly desirable, as

(1) The Motion to Dismiss is dispositive and will remove a defendant from the case if the Defendants are successful;

(2) The Motion presents important issues, rendered even more significant by the Eleventh Circuit's very recent decision in SEC v Smyth, 420 F.3d 1225, 1233, n. 14 (11th Cir. 2005), cautioning district courts to not enter or enforce orders in SEC cases which require a defendant to merely "obey the law" or track a statute without providing meaningful guidance to persons subject to the orders or injunctions, consistent with the Eleventh Circuit's history of not enforcing such decrees. Id.

Respectfully submitted,

_____
NANCY VAN SANT, ESQUIRE
Florida Bar No. 0885370
**STANLEY A. BEILEY, ESQUIRE**
Florida Bar No. 004848
**SACHER, ZELMAN, VAN SANT, PAUL,
 BEILEY, HARTMAN, ROLNICK & GREIF, P.A.**
1401 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 371-8797
Facsimile: (305) 374-2605
Email: nvansant@sacherzelman.com
**Counsel for Defendant
 Ashley Miron Leshem and
 Relief Defendant Ananda Capital Partners, Inc.**

2

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy of the foregoing was sent via facsimile and U.S. Mail to Stephen L. Cohen, Esquire, Counsel for Plaintiff, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549 (facsimile: 202-551-9245); and to Kenneth M. Stoner, Esq., Stephen A. Zrenda, Jr., P.C., 5700 NW 132nd St., Oklahoma City, Oklahoma. 73142, (facsimile: 405.721.7310) and Craig Glasser, Esq., Baritz & Colman LLP, 150 E. Palmetto Park Rd., Suite 650, Boca Raton, Florida 33432 (facsimile: 561-750-5045), Co-Counsel for Defendants The Franklin Group, Inc. and John R. Shrewder, this 16th day of May, 2006.

_____
Nancy Van Sant, Esq.
Counsel for Defendant
  Ashley Miron Leshem and
  Relief Defendant
  Ananda Capital Partners, Inc.

J:\APPS\wordproc\2405\Pleadings\Request for oral argument.wpd

4

SACHER, ZELMAN, VAN SANT, PAUL, BEILEY, HARTMAN, ROLNICK & GREIF, P.A., ATTORNEYS, 1401 BRICKELL AVE., STE 700, MIAMI, FL 33131 · (305) 371-8797