UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80126-CIV-RYSKAMP\VITUNAC

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    v.

JOHN R. SHREWDER; THE FRANKLIN
GROUP, INC.; and ASHLEY MIRON LESHEM,

        Defendants,
**and**

ANANDA CAPITAL PARTNERS, INC.

        Relief Defendant.
_____/



FILED by _____ D.C.
JUL 2 5 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court pursuant to Defendant Ashely Miron Leshem ("Leshem") and Relief Defendant Ananda Capital Partners, Inc.'s ("Ananda") Motion to Dismiss, filed March 31, 2006 **[DE 16]**. Plaintiff Securities and Exchange Commission ("SEC") responded on April 17, 2006 **[DE 21]**. Defendants Leshem and Ananda replied on May 16, 2006 **[DE 32]**. The Court heard oral argument on the motion on June 22, 2006. These motions are ripe for adjudication.

### I. BACKGROUND

The Securities and Exchange Commission's ("SEC") complaint alleges that Ashley Miron Leshem ("Leshem") violated a section of the Exchange Act providing that it is unlawful "for any person as to whom an order under subparagraph (A) is in effect, without the consent of



the Commission, ... to participate in an offering of penny stock in contravention of that order."

15 U.S.C. § 78o(b)(6)(B)(i).[1] (Compl. ¶ 128.) Specifically, the SEC claims that Leshem willfully participated, without the SEC's consent, in the offering of ArTec, Inc. ("ArTec") penny stock in contravention of a settled administrative cease and desist order ("Order") issued on March 22, 1999. (Compl. ¶ 94, 127.) The SEC joined Leshem's Florida corporation, Ananda Capital, Inc. ("Ananda"), as a relief defendant because Leshem allegedly funneled ArTec-related banking and brokering activities through this company; therefore, the SEC claims this company harbors pertinent ill-gotten gains. (Compl. ¶ 130.)

Though a careful analysis of the facts regarding Leshem's ArTec activity would be critical in determining whether Leshem participated in an offering of penny stock in violation of the Order, both Leshem and his alleged alter-ego, Ananda, attack the other requisite element of the claim. They argue that the Order is too vague to be enforceable and move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Motion to Dismiss)

In relevant part, the Order dictated that defendant Leshem:

1) "cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;"

---

[1] Subparagraph (A), referenced *supra*, grants the SEC authority to issue orders and reads, "With respect to any person who is associated, who is seeking to become associated, or, at the time of the alleged misconduct, who was associated or was seeking to become associated with a broker or dealer, or any person participating, or, at the time of the alleged misconduct, who was participating, in an offering of any penny stock, the Commission, by order, shall censure, place limitations on the activities or functions of such person, or suspend for a period not exceeding 12 months, or bar such person from being associated with a broker or dealer, or from participating in an offering of penny stock, if the Commission finds, on the record after notice and opportunity for a hearing, that such censure, placing of limitations, suspension, or bar is in the public interest..." 15 U.S.C. § 78o(b)(6)(A).

2) "be and hereby is barred from participation in penny stock offerings"

(Motion to Dismiss, Ex. A). Though only included by reference in the Order, the Exchange Act defines a "person participating in an offering of penny stock" to include:

> "Any person acting as any promotor, finder, consultant, agent, or other person who engages in activities with a broker, dealer, or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock."

15 U.S.C. § 78o(b)(6)(C).

## II. LEGAL STANDARD ON MOTIONS TO DISMISS

Motions to dismiss for failure to state a claim are disfavored and are rarely granted. See Vernon v. Med. Mgmt. Assoc. of Margate, Inc., 912 F.Supp. 1549, 1554 (S.D. Fla. 1996) (citing Madison v. Purdy, 410 F.2d 99, 100 (5th Cir. 1969); Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968) (stating that "dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate")).[2] Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." The threshold a pleading must meet to survive a motion to dismiss is "exceedingly low." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Cent. Am., S.A. v. Latin Am. Agribusiness Dev., 711 F.2d 989, 995 (11th Cir. 1983)). The pleading need not set forth in detail the facts upon which the claim is based, and a pleading will not be

---

[2] Decisions of the former Fifth Circuit issued prior to October 1, 1981 are binding in this Circuit. See Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

dismissed provided that the allegations therein support *any* legal theory. See Vernon, 912 F.Supp. at 1554 (citing Robertson v. Johnston, 376 F.2d 43, 45 (5th Cir. 1967)).

When examining a motion to dismiss, this Court considers whether the plaintiff has alleged facts sufficient to state a claim for relief. A motion to dismiss should not be granted unless the plaintiff can prove no set of facts in support of its claim entitling it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true.'" Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. V. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)).

## IV. DISCUSSION

### I. Leshem's Motion for Dismissal

The SEC's complaint alleges that Leshem violated a subsection of the Exchange Act providing that it shall be unlawful "for any person as to whom an order under subparagraph (A) is in effect, without the consent of the Commission, ... to participate in an offering of penny stock in contravention of such order." 15 USCS § 78o(b)(6)(B)(i). The SEC, in addition to pleading the existence of the Order, limns sufficient facts to indicate Leshem may have participated without consent in an offering of penny stock in contravention of the Order. For example, the SEC alleges that at all relevant times, ArTec's common stock was in fact a penny stock because, among other reasons, its shares had never been traded for five dollars or more, were not registered on a national exchange, were not issued by a registered investment company,

and were not authorized for quotation on NASDAQ. (Compl. ¶ 94.) Furthermore, Leshem allegedly participated in the offering of ArTec stock by directly dealing with broker-dealers on the behalf of ArTec, advising the ArTec CEO to open accounts at specific broker-dealers to assist in gaining more market makers, aiding ArTec's "founding fathers" in depositing their shares with a broker-dealer, and by contacting an ArTec shareholder to convince him to purchase additional shares of stock. (Compl. ¶ 102-07.) Therefore, the SEC has fulfilled the minimum pleading requirements in their complaint for this cause of action.

The defendants crafted their argument by first establishing the Order as the *sine qua non* of the SEC's complaint and then arguing that it is indefinite and unenforceable.[3] Consequently, the defendant attempted to advance an affirmative defense on a motion to dismiss rather than a more oft-seen defense dealing with the facial sufficiency of a complaint. Though such an affirmative defense may be properly addressed and resolved via other procedural mechanisms, it may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim only if it is apparent on the face of the complaint, such as a statute of limitations bar. See Hudson Drydocks, Inc. v. Wyatt Yachts, Inc., 760 F.2d 1144, 1146 (11th Cir. 1985). Here, it is not readily apparent within the four corners of the complaint or the Order that the Order is too vague to be enforced.

---

[3] In a motion to dismiss, where a complaint is expressly linked to – and admittedly dependent on – undisputedly authentic documents, these documents may be effectively merged into the pleadings, and the Court can review them in making its decision. In re CNL Hotels & Resorts, Inc. Securities Litigation, 2005 WL 1126561, *5 n.13 (M.D. Fla. 2005), quoting In re JDN Realty Corp. Sec. Litig., 182 F. Supp. 2d 1230, 1239 (N.D. Ga. 2002) ("In considering whether a plaintiff has pled securities claims adequately to withstand a motion to dismiss, the court may consider evidence outside the pleadings that is undisputedly authentic and on which the plaintiff specifically has relied in the complaint."). Because both the Order and the Offer are incorporated by reference into the pleadings and because neither parties contest the authenticity of the documents, this Court may review these documents in reviewing the motion to dismiss.

The Order clearly states that Leshem "be and hereby is barred from participation in penny stock offerings;" the complaint alleges sufficient facts, as recited in the paragraph *supra*, to indicate Leshem violated this provision of the Order. (Motion to Dismiss, Ex. A.)

Although the Court recognizes the parties' alternative arguments pertaining to judicial review of the Order and as to whether the Order is an obey-the-law injunction, a Fed. R. Civ. P. 65 injunction, or a penny stock bar, it cannot be tasked with adjudicating such matters on a motion to dismiss as they likewise constitute affirmative defenses that are not apparent on the face of the complaint.

For the foregoing reasons, this Court denies Leshem's motion to dismiss for a failure to state a claim pursuant to Rule 12(b)(6).

## *II. Ananda's Motion for Dismissal*

The parties concede that the SEC can obtain equitable relief from a party that "possess[es] illegally obtained profits but ha[s] no legitimate claim to them." SEC v. Cherif, 933 F.2d 403, 414 n.11 (7th Cir. 1991). See also SEC v. First City Financial Corp., 890 F.2d 1215, 1230-31 (D.C. Cir. 1989) (disgorgement primarily serves to prevent unjust enrichment). The parties also concede that Ananda's liability is derivative of Leshem's. Whereas Leshem has not successfully argued for dismissal, Ananda's motion is denied as well.

## IV. **CONCLUSION**

THE COURT, having considered the pertinent portions of the record and being otherwise

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

fully advised, hereby

    ORDERS AND ADJUDGES that the Motion to Dismiss, filed March 31, 2006 **[DE16]**,

is DENIED.

    DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 25th day of July,

2006.

Copies furnished to:
Stephen L. Cohen, Esq.
Nancy Van Sant, Esq.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE