Filed by _____ D.C.

ELECTRONIC

Sep 12 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 6-80126-CIV-RYSKAMP\VITUNAC

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOHN R. SHREWDER; THE FRANKLIN
GROUP, INC.; AND ASHLEY MIRON LESHEM,

    Defendants,

and

AMANDA CAPITAL PARTNERS, INC.

    Relief Defendant.

_____/

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Ashley Miron Leshem ("Leshem") and Relief Defendant Ananda Capital Partners, Inc. ("Ananda"), by and through their undersigned counsel, and files this Answer to the Complaint by Plaintiff Securities and Exchange Commission ("SEC"), and states the following:

    1.    Defendants Leshem and Ananda deny the allegations in paragraph 1 of the Complaint insofar as they pertain to them, except admit Defendant Leshem was a consultant to ArTec, Inc. ("ArTec"). Defendant Leshem denies that this conduct violated the Cease-And-Desist Order entered against him on March 22, 1999 ("Cease-And-Desist Order").

    2.    Defendants Leshem and Ananda deny the allegations in paragraph 2 of the Complaint insofar as they pertain to them, except admit that ArTec is a pharmaceutical company

{M2453941;2}

52pa

*SEC v. John R. Shrewder, et al.*
*Case No. 06-80126-CIV-RYSKAMP\VITUNAC*

whose securities are traded on the over-the-counter market and quoted on the Pink Sheets (symbol "ATKJ").

3. Defendants Leshem and Ananda deny the allegations in paragraph 3 of the Complaint insofar as they pertain to them, except admit that Defendant Leshem acted as a paid consultant to ArTec and, in that capacity, introduced Defendants John R. Shrewder ("Shrewder") and The Franklin Group, Inc. ("Franklin") to ArTec in the fall of 2004. Defendant Leshem denies that this conduct violated the Cease-And-Desist Order.

4. Defendants Leshem and Ananda deny the allegations in paragraphs 4, 10, and 106 of the Complaint insofar as they pertain to them.

5. Defendants Leshem and Ananda deny the allegations in paragraph 5 of the Complaint insofar as they pertain to them and aver further that none of the relief sought by the SEC is warranted.

6. Defendants Leshem and Ananda admit the allegations in paragraphs 6, 7, 10, 11, 15, 16, 17, 20, 22, 23, 24, 25, 38, 93, 94, 98, 103, 104, 105, 108, and 109 of the Complaint.

7. Defendants Leshem and Ananda admit the allegations in paragraphs 21, 26, 35, 36, and 37 of the Complaint insofar as they pertain to them, except deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained therein.

8. Defendants Leshem and Ananda deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8, 9, 13, 19, 27, 28, 29, 30, 31, 32, 33, 34, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62,

{M2453941;2}                                     2

*SEC v. John R. Shrewder, et al.*
*Case No. 06-80126-CIV-RYSKAMP\VITUNAC*

63, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 95, 96, 99, 100, and 101 of the Complaint.

9. Defendants Leshem and Ananda deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except admit that ArTec is a penny stock.

10. Defendants Leshem and Ananda admit the allegations in paragraph 14 of the Complaint, except deny that Defendant Leshem was contacted about introducing ArTec to broker-dealers that might make a market in ArTec stock.

11. Defendants Leshem and Ananda deny the allegations in paragraph 18 of the Complaint, except admit Defendant Leshem communicated with Shrewder in or about October 2004.

12. Defendants Leshem and Ananda state that if the e-mail described in paragraphs 64 and 65 of the Complaint exists, the document speaks for itself.

13. Defendants Leshem and Ananda deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, except admit Defendant Leshem telephoned an ArTec investor.

14. Defendants Leshem and Ananda deny the allegations in paragraph 97 of the Complaint, except admit Defendant Leshem rendered consulting services to ArTec on a number of business matters.

{M2453941;2}   3

15. Defendants Leshem and Ananda deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint, except admit that Defendant Leshem assisted in some ArTec operational matters.

16. Defendants Leshem and Ananda deny the allegations in paragraph 107 of the Complaint, except admit Defendant Leshem contacted an ArTec investor.

### FIRST CLAIM FOR RELIEF
**(Alleged Violations of Section 17(b) of the Securities Act Against Shrewder and Franklin)**

17. Defendants Leshem's and Ananda's responses to paragraphs 1 through 110 of the Complaint are reasserted and reallged herein.

18. The First Claim for Relief does not appear to apply to Defendants Leshem and Ananda; however, in the event it is intended to apply, the allegations in paragraphs 112 and 113 of the Complaint are denied.

### SECOND CLAIM FOR RELIEF
**(Alleged Violations of the Exchange Act Section 10(b) and Rule 10b-5, promulgated thereunder, Against Shrewder and Franklin)**

19. Defendants Leshem's and Ananda's responses to paragraphs 1 through 113 of the Complaint are reasserted and realleged herein.

20. The Second Claim for Relief does not appear to apply to Defendants Leshem and Ananda; however, in the event it is intended to apply, the allegations in paragraphs 114, 115, 116, and 117 of the Complaint are denied.

{M2453941;2}   4

*SEC v. John R. Shrewder, et al.*
*Case No. 06-80126-CIV-RYSKAMP\VITUNAC*

### THIRD CLAIM FOR RELIEF
**(Alleged Violations of Section 17(a)(1) of the Securities Act Against Shrewder and Franklin)**

21. Defendants Leshem's and Ananda's responses to paragraphs 1 through 117 of the Complaint are reasserted and realleged herein.

22. The Third Claim for Relief does not appear to apply to Defendants Leshem and Ananda; however, in the event it is intended to apply, the allegations in paragraphs 118, 119, 120, and 121 of the Complaint are denied.

### FOURTH CLAIM FOR RELIEF
**(Alleged Violations of Section 17(a)(2) and (3) of the Securities Act Against Shrewder and Franklin)**

23. Defendants Lesham's and Ananda's responses to paragraphs 1 through 121 of the Complaint are reasserted and realleged herein.

24. The Fourth Claim for Relief does not appear to apply to Defendants Leshem and Ananda; however, in the event it is intended to apply, the allegations in paragraphs 122, 123, 124, and 125 of the Complaint are denied.

### FIFTH CLAIM OF RELIEF
**(Alleged Violation of Section 15(b)(6)(B)(1) of the Exchange Act Against Leshem)**

25. Defendants Lesham's and Ananda's responses to paragraphs 1 through 126 of the Complaint are reasserted and realleged herein.

26. Defendant Leshem denies the allegations contained in paragraphs 127 and 128 of the Complaint.

{M2453941;2}                                5

*SEC v. John R. Shrewder, et al.*
*Case No. 06-80126-CIV-RYSKAMP\VITUNAC*

## SIXTH CLAIM OF RELIEF
### (Alleged Violations Against Ananda)

27. Defendant Lesham's and Ananda's responses to paragraphs 1 through 128 of the Complaint are reasserted and realleged herein.

28. Defendant Ananda denies the allegations contained in paragraphs 129 and 130 of the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants Leshem and Ananda specifically deny all allegations in the Complaint not otherwise answered herein. Defendants Leshem and Ananda aver further that the SEC is not entitled to the relief sought, and demands that the Complaint be dismissed in its entirety with respect to them and with prejudice, and demand that they be entitled to recover their costs, including reasonable atttorneys' fees, in connection with their defense of this action, and for all other relief that this Court deems equitable.

## DEMAND FOR TRIAL BY JURY

Defendants Leshem and Ananda hereby demand a trial by jury on all issues so triable under this Complaint.

## AFFIRMATIVE DEFENSES

1. For a First Affirmative Defense, Defendants Leshem and Ananda state that the allegations in the Complaint as directed to them, in whole or in part, fail to state claims upon which relief may be granted.

{M2453941;2}                                    6

*SEC v. John R. Shrewder, et al.*
*Case No. 06-80126-CIV-RYSKAMP\VITUNAC*

2.  For a Second Affirmative Defense, Defendants Leshem and Ananda state that the allegations in the Complaint fail to allege that ArTec was engaged in a penny stock offering during the period in which Defendant Leshem's purported activity occurred.

3.  For a Third Affirmative Defense, Defendants Leshem and Ananda state that Defendant Leshem's activities, as a consultant for ArTec, do not constitute "participation in a penny stock offering."

4.  For a Fourth Affirmative Defense, Defendants Leshem and Ananda state that the Cease-And-Desist Order, which states that "Respondent Leshem, effective immediately, be and hereby is barred from participation in penny stock offerings" is unconstitutional as the term "penny stock offerings" is not defined and the foregoing language is so vague that it fails to give Defendant Leshem, a person of ordinary intelligence, a reasonable opportunity to know what conduct is prohibited or permissible and thus violates his right to due process.

5.  For a Fifth Affirmative Defense, Defendants Leshem and Ananda state that the Cease-And-Desist Order is unenforceable because it fails to describe in reasonable detail the conduct sought to be restrained without making reference to other documents or statutory provisions not contained within the Cease-And-Desist Order.

6.  For a Sixth Affirmative Defense, Defendants Leshem and Ananda state that the Cease-And-Desist Order is unconstitutional in that it is so overbroad in that it proscribes lawful activity and in so doing violates his fundamental rights to freedom of speech and freedom of association.

{M2453941;2}                                                7

*SEC v. John R. Shrewder, et al.*
*Case No. 06-80126-CIV-RYSKAMP\VITUNAC*

7.  For a Seventh Affirmative Defense, Defendants Leshem and Ananda state that the SEC is not entitled to the relief requested.

Date:  September 11, 2006        Respectfully submitted,

By:  /s/ Leonard H. Bloom
Leonard H. Bloom, Esq.
Florida Bar No. 241792
leonard.bloom@akerman.com
**AKERMAN SENTERFITT**
One Southeast Third Avenue, 28th Floor
Miami, FL  33131-1704
Telephone No. (305) 374-5600
Facsimile No.  (305) 374-5095

By:  /s/ William Nortman
William Nortman, Esq.
Florida Bar No. 232039
william.nortman@akerman.com
**AKERMAN SENTERFITT**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL   33301-2229
Miami, FL  33131-1704
Telephone No. (305) 374-5600
Facsimile No.  (305) 374-5095

*Counsel for Defendants Ashley Miron Leshem
and Relief Defendant Ananda Capital Partners, Inc.*

{M2453941;2}                           8

*SEC v. John R. Shrewder, et al.*
*Case No. 06-80126-CIV-RYSKAMP\VITUNAC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via federal express e-mail, this 11th day of September, 2006, to:

Stephen L. Cohen, Esq.
Counsel for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
Telephone (202) 551-4472
Facsimile  (202) 772-9245
E-mail:  cohens@sec.gov

Stephen A. Zrenda, Jr.
5700 Northwest 132nd Street
Oklahoma City, OK  73142
Telephone (405) 721-7300
Facsimile  (405) 721-7310
E-mail:  ZrendeaEsq@ao.com

Craig Glasser
Baritz & Colman LLP
150 East Palmetto Park Road, Suite 750
Boca Raton, FL  33432
Telephone (561) 750-0910
Facsimile  (561) 750-5045
E-mail:  cglasser@baritzcolman.com

/s/Leonard H. Bloom
Attorney

{M2453941;2}          9